RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, New York 10110
(212) 302-6574

**JUDGE BUCHWALD**

*Attorneys for Plaintiff, Sovereign Bank*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOVEREIGN BANK, <br><br> Plaintiff, <br><br> v. <br><br> NUBIAN REALTY, LLC, NUBIAN PROPERTIES, LLC, RICHELIEU W. DENNIS, NYEMA S. TUBMAN, DIANE NICHOLAS, NUBIAN HERITAGE DIRECT LLC, NUBIAN HERITAGE OF HARLEM LLC, THE NATIONAL BLACK THEATRE WORKSHOP INC., HARLEM APPLE, LLC, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, THYSSENKRUPP ELEVATOR COMPANY and JOHN DOE #1 through JOHN DOE #10 inclusive, <br><br> Defendants. | Civil Action No. <br><br> **10 CIV 8967** <br><br>  <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Sovereign Bank (the "Bank" or "Plaintiff"), by its attorneys, Riker, Danzig,

Scherer, Hyland & Perretti, LLP, complains of the defendants above-named, and alleges:

## PARTIES

1.      Sovereign Bank is a federal savings bank, having its principal place of business

located at 1130 Berkshire Boulevard, Wyomissing, Pennsylvania 19610.

2.      On information and belief, defendant Nubian Realty, LLC ("Nubian Realty" or the "Borrower") is a New York limited liability company, maintaining an address of 2037 Fifth Avenue, New York, New York 10035.

3.      On information and belief, defendant Nubian Properties, LLC ("Nubian Properties") is a New York limited liability company and a member of Nubian Realty, maintaining an address of 2037 Fifth Avenue, New York, New York 10035.

4.      On information and belief, defendant Richelieu W. Dennis is an individual domiciled in the State of New York, having an address of 11 Truxton Road, Dix Hills, New York 11746.

5.      On information and belief, defendant Nyema S. Tubman is an individual domiciled in the State of New York, having an address of 646 Caledonia Road, Dix Hills, New York 11746.

6.      On information and belief, defendant Diane Nicholas is an individual domiciled in the State of New Jersey, having an address of 251 Montrose Avenue, South Orange, New Jersey 07079 and is a guarantor of Nubian Realty and a principal and/or member of Nubian Properties, defendant Nubian Heritage Direct LLC and defendant Nubian Heritage of Harlem LLC.

7.      On information and belief, defendant Nubian Heritage Direct LLC ("Nubian Direct") is a New York limited liability company, maintaining an address of 2037 Fifth Avenue, New York, New York 10035.

8.      On information and belief, defendant Nubian Heritage of Harlem LLC ("Nubian Heritage") is a New York limited liability company, maintaining an address of 2037 Fifth Avenue, New York, New York 10035.

9.      On information and belief, defendant The National Black Theatre Workshop Inc. ("NBTW") is a New York corporation, maintaining an address of 2023 Fifth Avenue, New York, New York 10035 and is a member of Nubian Realty and a lessee of Nubian Realty.

10.     On information and belief, defendant Harlem Apple, LLC ("Harlem Apple") is a New York limited liability company that may have an interest in the real property that is the subject of this action, maintaining an address of c/o Apple-Metro Inc. 550 Mamaroneck Avenue, Harrison, New York 10528.

11.     On information and belief, defendant New York City Transit Adjudication Bureau is a New York public entity that may have an interest in the real property that is the subject of this action, maintaining an address at 505 Fulton Street, Brooklyn, New York 11201.

12.     On information and belief, defendant State of New York Department of Taxation and Finance is a New York public entity that may have an interest in the real property that is the subject of this action, maintaining an address of P.O. Box 5149, Albany, New York 12205.

13.     On information and belief, defendant New York City Department of Transportation is a New York public entity that may have an interest in the real property that is the subject of this action, maintaining an address at 40 Worth Street, New York, NY 10013.

14.     On information and belief, defendant New York City Environmental Control Board is a New York public entity that may have an interest in the real property that is the subject of this action, maintaining an address at 59-17 Junction Boulevard, Corona, New York 11358.

15.     On information and belief, defendant New York City Department of Finance is a New York public entity that may have an interest in the real property that is the subject of this action, maintaining an address at 25 Elm Place, Room 400, Brooklyn, New York 11201.

16.     On information and belief, defendant ThyssenKrupp Elevator Company ("ThyssenKrupp") is a New York corporation that may have an interest in the real property that is the subject of this action, maintaining an address of 519 Eighth Avenue, 12th Floor, New York, New York 10018.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the Bank and Defendants.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(a).

## FACTS

19.     On or about December 28, 2006, the Bank, Nubian Realty, Mr. Dennis, Mr. Tubman, Ms. Nicholas, Nubian Direct, Nubian Heritage and Nubian Properties entered into a Business Loan Agreement, whereby, among other things, the Bank agreed to lend to Nubian Realty the principal amount of $6,500,000, subject to the terms of the Business Loan Agreement, a certain Mortgage Note, Mortgage and Security Agreement, Consolidation, Extension and Modification Agreement and certain Security Agreements.

20.     A true and correct copy of the Business Loan Agreement is attached hereto as **Exhibit A**.

21.     On or about December 28, 2006, to evidence its indebtedness to the Bank under the Business Loan Agreement, Nubian Realty executed and delivered to the Bank an Amended, Consolidated and Restated Mortgage Note (the "Note").

22.     A true and correct copy of the Note is attached hereto as **Exhibit B**.

23.     To partially secure the performance of the Business Loan Agreement and the repayment of the Note, Nubian Realty executed and delivered to the Bank a certain Mortgage and Security Agreement (the "Mortgage") dated as of December 28, 2006, which, among other conditions, rights, duties and privileges as fully set forth therein, encumbers certain real property known as 2023-2037 Fifth Avenue (a/k/a 1/9 East 125th Street a/k/a 1/9 Dr. Martin Luther King Jr. Boulevard), New York, New York (the "Mortgaged Premises").

24.     A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

25.     The Mortgage was duly recorded in the Office of the City Register of the City of New York on January 30, 2007, at CRFN 2007000055035.

26.     In addition, on or about December 19, 2006, the Bank took by assignment other debt instruments evidencing obligations of Nubian Realty, to wit, a certain note and mortgage in the amount of $5,208,905.00, which was subsequently reduced by virtue of a Certificate of Reduction to the sum of $2,000,000, and a certain note and mortgage in the amount of $3,000,000 (the "Other Mortgages").

27.     A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit D**.

28.     The Assignment of Mortgage was duly recorded in the Office of the City Register of the City of New York on January 30, 2007, at CRFN 2007000055034.

29.     On or about December 28, 2006, the Bank and Nubian Realty entered into a Consolidation, Extension and Modification Agreement (the "Consolidation Agreement"), whereby the Other Mortgages were consolidated with the Mortgage, as more particularly described in the Consolidation Agreement, such that Nubian Realty became indebted to the

Bank for a total loan obligation of $6,500,000 (the "Loan").  The Mortgage and the Other

Mortgages, as consolidated, shall be collectively referred to as the "Mortgage."

30.    A true and correct copy of the Consolidation Agreement is attached hereto as

**Exhibit E.**

31.    The Consolidation Agreement was duly recorded in the Office of the City

Register of the City of New York on January 30, 2007, at CRFN 2007000055036.

32.    As further security for the Loan, on or about December 28, 2006, Nubian Realty

executed and delivered to the Bank an Assignment of Leases and Rents, by which Nubian

Realty assigned to the Bank all of its right, title and interest in and to all leases, subleases,

licenses, concessions and other occupancy agreements affecting the Mortgaged Premises.

33.    A true and correct copy of the Assignment of Leases and Rents is attached hereto

as **Exhibit F.**

34.    The Assignment of Leases and Rents was duly recorded in the Office of the City

Register of the City of New York on January 30, 2007, at CRFN 2007000055040.

35.    As inducement to the Bank to make the Loan to Nubian Realty, on or about

December 28, 2006, Nubian Properties, Mr. Dennis, Mr. Tubman, Ms. Nicholas, Nubian Direct

and Nubian Heritage (collectively, the "Guarantors") each executed and delivered to the Bank a

Guaranty of Payment (collectively, the "Guarantees").

36.    A true and correct copy of each of the Guarantees is attached hereto as **Exhibit G.**

37.    The Business Loan Agreement, Note, Mortgage, Consolidation Agreement,

Assignment of Leases and Rents and the Guarantees shall be collectively referred to as the

"Loan Documents."

6

38.     Nubian Realty has failed and neglected to comply with the terms and conditions of the Loan Documents by, among other things, failing to pay monthly installments of principal and interest in accordance with the Loan Documents and failing to pay real estate taxes in connection with the Mortgaged Premises when due, and accordingly has breached the terms and conditions as fully set forth in the attached Loan Documents.

39.     By letter dated September 9, 2010, the Bank notified Nubian Realty and the Guarantors of Nubian Realty's defaults under the Loan Documents and, among other things, demanded that Nubian Realty cure all monetary and non-monetary defaults under the Loan Documents and pay the Bank the amount due and owing as of September 9, 2010 by October 1, 2010.

40.     A true and correct copy of the September 9, 2010 letter is attached hereto as **Exhibit H**.

41.     By way of letter dated November 24, 2010, the Bank notified Nubian Realty and the Guarantors of their default under the Loan Documents and demanded that the entire unpaid principal balance of the Note and all accrued and unpaid interest be paid immediately.

42.     A true and correct copy of the November 24, 2010 letter is attached hereto as **Exhibit I**.

43.     Despite demand, Nubian Realty has failed to cure all monetary and non-monetary defaults under the Loan Documents.

44.     The Bank has paid or may be compelled during the pendency of this action to pay local taxes, assessments, water rates, insurance premiums and other charges affecting the Mortgaged Premises, and the Bank requests that any sums thus paid by it for said purposes

(together with interest thereon), should be added to the sum otherwise due and be deemed secured by the said Mortgage and be adjudged a valid lien on the Mortgaged Premises.

45.     Defendants have, or claim to have, some interest in, or lien upon said Mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the Bank's Mortgage.

46.     Defendant New York City Transit Adjudication Bureau has been named as a party to this action because of its potential lien on the Mortgaged Premises resulting from it possibly being a judgment creditor of Nubian Realty.

47.     Defendant State of New York Department of Taxation and Finance has been named as a party to this action because of, among other things, its potential lien on the Mortgaged Premises resulting from judgments obtained against NBTW recorded on or about September 25, 2009 and August 10, 2010, under Control Nos. 002581372-01 and 002723182-01, respectively.

48.     Defendant New York City Department of Transportation has been named as a party to this action because of, among other things, its potential lien on the Mortgaged Premises resulting from a judgment obtained against Nubian Realty recorded on or about August 24, 2009, under Control No. 002597996-01.

49.     Defendant New York City Environmental Control Board has been named as a party to this action because of its potential interest in the Mortgaged Premises resulting from, among other things, ECB violations 127234030, 152089924, 10888737J, 150371138, 152071050, 150285493, 10828327M, 150370276, 151892914, 157127603, 153489353, 10720823R, 10795048L, 10965779Y, 10965777K, 11143530M, 10851166X, 143346290, 143413308, 153537039, 160964110, 40050845X and 159416795.

50.     Defendant New York City Department of Finance has been named as a party to this action because of its potential lien on the Mortgaged Premises resulting from possible unpaid business corporate taxes due and owing by Nubian Realty.

51.     Defendant ThyssenKrupp has been named as a party to this action because of its potential mechanic's lien on the Mortgaged Premises resulting from it possibly being a judgment creditor of Nubian Realty.

52.     There are no pending proceedings at law or otherwise to collect or enforce said sums secured by said Note and/or the Bank's Mortgage, or any parts thereof.

53.     **Exhibits A, B, C, D, E, F, G, H** and **I** are expressly incorporated and made a part of this Verified Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein whenever reference has been made to each or any of them.

54.     By reason of the foregoing, as of November 24, 2010, there is due and owing to the Bank under the Loan Documents the amount of $6,352,208.69, including principal, interest and late fees, and interest continues to accrue.

## AS AND FOR A FIRST CAUSE OF ACTION

## FORECLOSURE OF MORTGAGE

55.     The Bank repeats and realleges the allegations contained in the foregoing paragraphs of this Verified Complaint as if set forth fully herein.

56.     As holder of the Mortgage, the Bank is entitled to possession of the Mortgaged Premises.

57.     Nubian Realty is now in possession of the Mortgaged Premises and, at all relevant times set forth herein, has deprived the Bank of possession thereof.

58.     There are no pending proceedings at law or otherwise to collect or enforce said sums secured by said Note and the Bank's Mortgage.

59.     The Bank requests that in the event this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

(a) Any state of facts that an inspection of the Mortgaged Premises may show;

(b) Any state of facts that an accurate survey of the premises may show;

(c) Covenants, restrictions, easements, and public utility agreements of record;

(d) Building and zoning ordinances of the municipality in which the Mortgaged Premises are located and possible violations of same;

(e) Rights, if any, of tenants or persons in possession, if any;

(f) The lien of street vault charges, if any;

(g) Any violations of record, including, but not limited to, sidewalk repair notices;

(h) Prior lien(s) of record, if any; and

(i) Prior mortgage liens of record held by the Bank and any advances and arrears thereunder.

60.     In the event that the Bank possesses any other lien(s) against said Mortgaged Premises either by way of judgment, junior mortgage or otherwise, the Bank requests that such other lien(s) shall not be merged in the Bank's cause(s) of action set forth in this complaint, but that the Bank shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings.

61.     The Bank shall not be deemed to have waived, altered, released or changed the

election hereinbefore made, by reason of any payment after the commencement of this action, of

any or all of the defaults mentioned herein, and such election shall remain effective.

**WHEREFORE**, the Bank demands judgment that the Defendant(s) and each of them

and all persons claiming under them or any of them, subsequent to the commencement of this

action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all

estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Mortgaged

Premises and each and every part and parcel thereof; that the said premises may be decreed to be

sold, according to law; that the monies arising from the sale thereof may be brought into Court;

that the Bank may be paid the amount due on the Note and the Bank's Mortgage as hereinbefore

set forth, with interest and late charges to the time of such payment and the expenses of such

sale, plus reasonable attorneys' fees, together with the costs, allowances and disbursements of

this action, and together with any sums incurred by the Bank pursuant to any term or provision of

the Note and the Bank's Mortgage set forth in this Verified Complaint, or to protect the lien of

the Bank's Mortgage, together with interest upon said sums from the dates of the respective

payments and advances thereof, so far as the amount of such monies properly applicable thereto

will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said

premises, during the pendency of this action with the usual powers and duties; and that the

Defendants may be adjudged to pay the whole residue, or so much thereof as the Court may

determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Mortgaged

Premises and the application of the proceeds pursuant to the directions contained in such

judgment, and that in the event that the Bank possesses any other lien(s) against said Mortgaged

Premises either by way of judgment, junior mortgage or otherwise, the Bank requests that such

other lien(s) shall not be merged in the Bank's cause(s) of action set forth in this Verified Complaint but that the Bank shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; and that the Bank may have such other and further relief, or both, in the premises, as may be just and equitable, of the debt remaining unsatisfied after the sale of the Mortgaged Premises and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in section 1371 of the Real Property Actions and Proceedings Law.

## AS AND FOR A SECOND CAUSE OF ACTION

## BREACH OF CONTRACT FOR DEFICIENCY AFTER FORECLOSURE
### (As Against Nubian Realty and the Guarantors)

62.     The Bank repeats the allegations of the foregoing paragraphs of this Complaint as if set forth at length herein.

63.     Pursuant to the Note, Nubian Realty agreed, among other things, to make monthly installment payments of principal and interest.

64.     Pursuant to the Guarantees, the Guarantors agreed, among other things, to absolutely and unconditionally guarantee the payment and performance of the Bank's loans to Nubian Realty.

65.     Nubian Realty and the Guarantors failed and neglected to comply with the conditions of the Loan Documents by, among other things, failing to pay monthly installments of principal and interest due under the Note as of October 1, 2010.

66.     By way of letter dated November 24, 2010, the Bank notified Nubian Realty and the Guarantors of their default under the Loan Documents and demanded that the entire unpaid principal balance of the Note and all accrued and unpaid interest be paid immediately.

12

67.     Despite notice and demand, Nubian Realty and the Guarantors have failed and refused to pay to the Bank the full amount of the outstanding debt owed to the Bank pursuant to the Loan Documents.

68.     As of November 24, 2010, there is due and owing to the Bank in connection with the Loan Documents a total of $6,352,208.69, together with legal fees, costs and expenses and interest and late charges accruing at the rates set forth in the Loan Documents.

**WHEREFORE**, the Bank demands judgment against Nubian Realty and the Guarantors, jointly and severally, in an amount to be determined, of the debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds pursuant to the directions contained in such judgment of foreclosure and sale, plus interest and costs thereon as set forth in the Loan Documents, fees and charges, costs of suit, and other such relief as the Court deems just and equitable.

Dated: November 30, 2010

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
*Attorneys for Sovereign Bank*

By:_____
        Jonathan P. Vuotto
        500 Fifth Avenue, 49th Floor
        New York, New York  10110
        (212) 302-6574
            *-and-*
        One Speedwell Avenue
        Morristown, New Jersey 07962-1981
        (973) 538-0800

## VERIFICATION

STATE OF NEW JERSEY            )
                               ) ss:
COUNTY OF MERCER               )

I, Frederick A. Scheibe, of full age, being duly sworn according to law, upon my oath do

depose and say:

1.      I am a Vice President of Sovereign Bank, the plaintiff in this matter.

2.      I have read the foregoing Verified Complaint and declare under penalty of perjury

that all of the factual allegations contained herein are true and correct to the best of my

knowledge and all documents attached hereto are true and accurate copies of said documents.

_____

Frederick A. Scheibe

Sworn to before me this
29th Day of November, 2010

_____
Notary Public

Mary Gromack
Notary Public of New Jersey
Commission Expires 3/4/2013