Barry E. Lichtenberg
SCHWARTZ, LICHTENBERG LLP
The Chrysler Building
405 Lexington Avenue, Seventh Floor
New York, New York 10174
(212) 389-7818
barrylichtenberg@sl-llp.com
Attorneys for Defendant Nubian Realty, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SOVEREIGN BANK

         Plaintiff,

   -against-

NUBIAN REALTY, LLC, NUBIAN PROPERTIES, LLC,
RICHELIEU W. DENNIS, NYEMA S. TUBMAN,
DIANE NICHOLAS, NUBIAN HERITAGE DIRECT
LLC, NUBIAN HERITAGE OF HARLEM LLC, THE
NATIONAL BLACK THEATRE WORKSHOP INC.,
HARLEM APPLE, LLC, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, STATE OF NEW YORK
DEPARTMENT OF TAXATION AND FINANCE, NEW
YORK CITY DEPARTMENT OF TRANSPORTAION,
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY DEPARTMENT OF
FINANCE, THYSSENKRUPP ELEVATOR COMPANY
and JOHN DOE #1 through JOHN DOE #10 inclusive,

         Defendants.
------------------------------------------------------------------x

Case No. 10 Civ. 8967 (NRB)

**ANSWER AND**
**AFFIRMATIVE DEFENSES**
**TO FORECLOSURE**
**COMPLAINT**

   Defendant Nubian Realty, LLC ("Nubian Realty"), by and through its attorneys, Schwartz, Lichtenberg LLP, as and for its answer to the verified complaint ("Complaint") of plaintiff Sovereign Bank ("Plaintiff"), respectfully alleges as follows:

   1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

   2. Admits the allegations set forth in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admits that Nubian Properties is a member of Nubian Realty.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, except admits that Richelieu W. Dennis is an individual.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, except admits that Nyema S. Tubman is an individual.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except admits that Diane Nicholas is an individual.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admits that NBTW is a member and lessee of Nubian Realty.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except denies that Harlem Apple may have an interest in the subject property.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 contains a legal conclusion to which no response is necessary.

18. Paragraph 18 contains a legal conclusion to which no response is necessary.

19. Respectfully refers the Court to the Business Loan Agreement for the terms and conditions set forth therein, and except as so referred, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Neither admits nor denies the allegations contained in paragraph 20 of the Complaint and respectfully refers the Court to the Business Loan Agreement for its terms.

21. Respectfully refers the Court to the Note for the terms and conditions set forth therein, and except as so referred, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Neither admits nor denies the allegations contained in paragraph 22 of the Complaint and respectfully refers the Court to the Note for its terms.

23. Respectfully refers the Court to the Mortgage for the terms and conditions set forth therein, and except as so referred, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Neither admits nor denies the allegations contained in paragraph 24 of the Complaint and respectfully refers the Court to the Mortgage for its terms.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Respectfully refers the Court to the Other Mortgages for the terms and conditions set forth therein, and except as so referred denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Neither admits nor denies the allegations contained in paragraph 27 of the Complaint and respectfully refers the Court to the Assignment of Mortgage for its terms.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Respectfully refers the Court to the Consolidation Agreement for the terms and conditions set forth therein, and except as so referred denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Neither admits nor denies the allegations contained in paragraph 30 of the Complaint and respectfully refers the Court to the Consolidation Agreement for its terms.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Respectfully refers the Court to the Assignment of Lease and Rents for the terms and conditions set forth therein, and except as so referred, denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Neither admits nor denies the allegations contained in paragraph 33 of the Complaint and respectfully refers the Court to the Assignment of Leases and Rents for its terms.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Respectfully refers the Court to the Guarantees for the terms and conditions set forth therein, and except as so referred denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Neither admits nor denies the allegations contained in paragraph 36 of the Complaint and respectfully refers the Court to the Guarantees for their terms.

37. Paragraph 37 contains no allegations of fact and therefore requires no response.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint, and respectfully refers the Court to the letter dated September 9, 2010, for the allegations contained therein.

40. Neither admits nor denies the allegations contained in paragraph 40 of the Complaint and respectfully refers the Court to the letter dated September 9, 2010, for the allegations contained therein.

41. Denies the allegations set forth in paragraph 41 of the Complaint, and respectfully refers to the letter dated November 24, 2010, for the allegations contained therein.

42. Neither admits nor denies the allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the latter dated November 24, 2010, for the allegations contained therein.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies the allegations set forth in paragraph 44 of the Complaint, as they constitute a recital of the relief sought by Plaintiff.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. Paragraph 53 contains no allegations of fact and therefore requires no response.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. With respect to the allegations set forth in paragraph 55 of the Complaint, repeats and realleges each and every response set forth above in paragraphs 1 through 54 as if fully set forth herein.

56. Denies the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint, except admits that Nubian Realty is in possession of the Mortgaged Premises.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. Denies the allegations set forth in paragraph 59 of the Complaint, except to the extent they constitute a recital of the relief sought by Plaintiff and therefore no responsive pleading is required.

60. Denies the allegations set forth in paragraph 60 of the Complaint, except to the extent they constitute a recital of the relief sought by Plaintiff and therefore no responsive pleading is required.

61. Denies the allegations set forth in paragraph 61 of the Complaint, except neither admits nor denies the allegations to the extent they purport to set forth legal conclusions to which no responsive pleading is required.

62. With respect to the allegations set forth in paragraph 62 of the Complaint, respectfully refers the Court to paragraphs 1 through 61 as fully set forth herein.

63. Respectfully refers the Court to the Note for the terms and conditions contained therein and except as so referred, denies the allegations set forth in paragraph 63 of the Complaint.

64. Respectfully refers the Court to the Guarantees for the terms and conditions contained therein and except as so referred, denies the allegations set forth in paragraph 64 of the Complaint.

65. Denies the allegations set forth in paragraph 65 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the Guarantors.

66. Denies the allegations set forth in paragraph 66 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the Guarantors and respectfully refers the Court to the letter dated November 24, 2010, for the allegations contained therein.

67. Denies the allegations set forth in paragraph 67 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the Guarantors.

68. Denies the allegations set forth in paragraph 68 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

69. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

70. As set forth in detail in the proposed Defendant-Counterclaim Plaintiff The National Black Theatre's Answer, Affirmative Defenses and Counterclaims, and the Answer of defendants Nubian Properties, LLC, Richelieu W. Dennis, Nyema S. Tubman, Diane Nicholas, Nubian Heritage Direct LLC and Nubian Heritage of Harlem LLC, both of which are incorporated by reference, Plaintiff's claims are barred and Plaintiff is entitled to no relief whatsoever because Plaintiff is itself fully responsible for the very "defaults" of which it complains and for which it is seeking recovery against Nubian Realty, in particular the "tax lien" placed on the subject premises for failure to pay all taxes due.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

71. Upon information and belief, defendant The National Black Theatre Workshop, Inc., a member of Nubian Realty, is moving to dismiss the Complaint on the grounds of the *Colorado River* Abstention doctrine and Nubian Realty reserves the right to join in said motion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72. Any purported damages sustained by Plaintiff were caused by Plaintiff's own conduct, including but not limited to, Plaintiff's failure to escrow for taxes as required by the subject loan documents.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred by the doctrines of setoff and/or recoupment.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred by the doctrine of equitable estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred by its breach of contract.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by its breach of the implied covenant of good faith and fair dealing.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

77. Nubian Realty reserves any and all additional or further defenses or counter-claims as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE**, Defendant Nubian Realty, LLC demands judgment as follows:

(a) dismissing the Complaint in its entirety, with prejudice;

(b) awarding Defendant Nubian Realty its costs, including reasonable attorneys' fees; and

(c) such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 29, 2011

SCHWARTZ, LICHTENBERG LLP
Attorneys for Defendant Nubian Realty, LLC

By: /s/ Barry E. Lichtenberg
Barry E. Lichtenberg

The Chrysler Building
405 Lexington Avenue, Seventh Floor
New York, New York 10174
Telephone: (212) 389-7818
barrylichtenberg@sl-llp.com