Craig J. Albert
REITLER KAILAS & ROSENBLATT LLC
885 Third Avenue, 20th Floor
New York, NY 10022
(212) 209-3050
*Attorneys for Nubian Properties LLC,*
*Nubian Heritage Direct LLC,*
*Nubian Heritage of Harlem LLC,*
*Richelieu W. Dennis, Nyema S. Tubman*
*and Diane Nicholas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

SOVEREIGN BANK,

|  |  |  |
|---|---|---|
| | Plaintiff, | 10 Civ. 08967 (NRB) |
| -against- | | **ANSWER** |
| NUBIAN REALTY LLC et al., | | **JURY TRIAL DEMANDED** |
| | Defendants. | |

--------------------------------------------------------------------x

Defendants Nubian Properties LLC, Richelieu W. Dennis, Nyema S. Tubman, Diane

Nicholas, Nubian Heritage Direct LLC and Nubian Heritage of Harlem LLC, by their attorneys,

for their answer to the complaint herein, allege as follows:

FIRST DEFENSE

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1.

2.      Admit the allegations contained in paragraph 2 .

3.      Admit the allegations contained in paragraph 3.

4.      Admit the allegations contained in paragraph 4.

5.      Admit the allegations contained in paragraph 5.

6.      Admit the allegations contained in paragraph 6.

126628

7.      Admit the allegations contained in paragraph 7.

8.      Admit the allegations contained in paragraph 8.

9.      Admit the allegations contained in paragraph 9.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except deny that Harlem Apple may have an interest in the subject property.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Paragraph 17 contains a legal conclusion to which no response is necessary.

18.     Paragraph 18 contains a legal conclusion to which no response is necessary.

19.     Admit the allegations contained in paragraph 19, and refer to the Business Loan Agreement for its full and complete terms and conditions.

20.     Admit the allegations contained in paragraph 20.

21.     Admit the allegations contained in paragraph 21, and refer to the Note for its full and complete terms and conditions.

22.     Admit the allegations contained in paragraph 22.

23.     Admit the allegations contained in paragraph 23, and refer to the Mortgage its full and complete terms and conditions.

24.     Admit the allegations contained in paragraph 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Admit the allegations contained in paragraph 26, and refer to the Other Mortgages and Certificate of Reduction for their full and complete terms and conditions.

27.     Admit the allegations contained in paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Admit the allegations contained in paragraph 29, and refer to the Consolidation Agreement for its full and complete terms and conditions.

30.     Admit the allegations contained in paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Admit the allegations contained in paragraph 32, and refer to the Assignment of Leases and Rents for its full and complete terms and conditions.

33.     Admit the allegations contained in paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, except admit that the Guarantees were executed, and refer to the Guarantees for their full and complete terms and conditions.

36.     Admit the allegations contained in paragraph 36.

37.     Paragraph 37 contains no allegations of fact and therefore requires no response.

38.     Deny the allegations contained in paragraph 38.

39.     Deny the allegations contained in paragraph 39, and refer to the letter dated September 9, 2010, for the full and complete terms of the allegations contained therein.

40.     Neither admit nor deny the allegations contained in paragraph 40 and refer to the letter dated September 9, 2010, for the full and complete terms of the allegations contained therein.

41.     Deny the allegations contained in paragraph 41, and refer to the letter dated November 24, 2010, for the full and complete terms of the allegations contained therein.

42.     Neither admit nor deny the allegation contained in paragraph 42 and respectfully refers the Court to the latter dated November 24, 2010, for the allegations contained therein.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44, as they do not constitute factual allegations, but instead constitute a recital of the relief sought by plaintiff.

45.     Deny the allegations contained in paragraph 45.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.     Paragraph 53 contains no allegations of fact and therefore requires no response.

54.     Deny the allegations contained in paragraph 54.

55.     Repeat and reallege each and every response set forth above in paragraphs 1 through 54 as if fully set forth herein.

56.     Deny the allegations contained in paragraph 56.

57.     Deny the allegations contained in paragraph 57, except admit that Nubian Realty is in possession of the Mortgaged Premises.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59, except to the extent they constitute a recital of the relief sought by Plaintiff and therefore no responsive pleading is required.

60.     Deny the allegations contained in paragraph 60, except to the extent they constitute a recital of the relief sought by Plaintiff and therefore no responsive pleading is required.

61.     Deny the allegations contained in paragraph 60, except neither admit nor Deny the allegations to the extent they purport to set forth legal conclusions to which no responsive pleading is required.

62.     Repeat and reallege each and every response set forth above in paragraphs 1 through 61 as if fully set forth herein.

63.     Deny the allegations contained in paragraph 63, and refer to the Note for the terms and conditions contained therein, and to the parties' subsequent agreements with respect to the payments alleged.

64.     Deny the allegations contained in paragraph 63, and refer to the Guarantees for the terms and conditions contained therein, and to the parties' subsequent agreements with respect to the obligations alleged.

65.     Deny the allegations contained in paragraph 65.

66.     Deny the allegations contained in paragraph 66, and refer to the letter dated November 24, 2010, for the full and complete terms of the allegations contained therein.

67.     Deny the allegations contained in paragraph 67.

68.     Deny the allegations contained in paragraph 68.

SECOND DEFENSE

69.     The Complaint fails to state a cause of action upon which relief can be granted.

THIRD DEFENSE

70.     The claims are barred and plaintiff is entitled to no relief whatsoever because plaintiff is itself fully responsible for the very "defaults" of which it complains, in particular the tax lien which was placed on the subject premises by virtue of its failure to create an escrow for the payment of taxes and to pay those taxes out of such escrow.

FOURTH DEFENSE

71.     Any purported damages sustained by plaintiff were caused by plaintiff's own conduct, including but not limited to, Plaintiff's failure to escrow for taxes as required by the subject loan documents.

FIFTH DEFENSE

72.     Plaintiff's claims are barred by the doctrines of setoff and/or recoupment.

SIXTH DEFENSE

73.     Plaintiff's claims are barred by the doctrine of equitable estoppel.

SEVENTH DEFENSE

74.     Plaintiff's claims are barred by its own breach of contract.

EIGHTH DEFENSE

75.     Plaintiff's claims are barred by its breach of the implied covenant of good faith and fair dealing.

NINTH DEFENSE

76.     Defendants reserve any and all additional or further defenses or counterclaims as may be revealed by additional information that may be acquired in discovery or otherwise.

JURY DEMAND

Defendants demand a jury trial of all issues triable by a jury.

WHEREFORE, Defendants demand judgment as follows:

(a)    dismissing the Complaint in its entirety, with prejudice;

(b)    awarding Defendants their costs, including reasonable attorney's fees; and

(c)    awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 29, 2011

REITLER KAILAS & ROSENBLATT LLC

/s/ Craig J. Albert

By:    _____
       Craig J. Albert
       885 Third Avenue, 20th Floor
       New York, NY 10022
       (212) 209-3050
       *Attorneys for Nubian Properties LLC,*
       *Nubian Heritage Direct LLC,*
       *Nubian Heritage of Harlem LLC,*
       *Richelieu W. Dennis, Nyema S. Tubman*
       *and Diane Nicholas*

TO:

RIKER, DANZIG, SCHERER,
HYLAND & PERETTI LLP
Jonathan P. Vuotto, Esq.
500 Fifth Avenue, 49th Floor
New York, NY 10110
*Attorneys for Plaintiff*

SCHWARTZ, LICHTENBERG LLP
Barry Lichetenberg, Esq.
405 Lexington Avenue, Seventh Floor
New York, NY 10174
*Attorneys for Defendant Nubian Realty LLC*

HERRICK, FEINSTEIN LLP
Raymond Hannigan, Esq.
2 Park Avenue
New York, NY 10016
*Attorneys for Defendant The National Black*
*Theatre Workshop, Inc.*

OLSHAN, GRUNDMAN, FROME,
ROSENZWEIG & WOLOSKY, LLP
Lori Marks-Esterman, Esq.
Park Avenue Tower
65 East 55th Street
New York, NY 10022
*Attorneys for Defendant*
*Harlem Apple LLC*

8