IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
FIFTH RENAISSNCE LLC,

    Plaintiff,

    -against-

NUBIAN REALTY, LLC, NUBIAN PROPERTIES,
LLC, RICHELIEU W. DENNIS, NYEMA S.
TUBMAN, DIANE NICHOLAS, NUBIAN
HERITAGE DIRECT LLC, NUBIAN HERITAGE
OF HARLEM LLC, THE NATIONAL BLACK
THEATRE WORKSHOP INC., HARLEM APPLE,
LLC, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, STATE OF NEW
YORK DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY DEPARTMENT OF FINANCE,
THYSSENKRUPP ELEVATOR COMPANY AND
JOHN DOE #1 through JOHN DOE #10 inclusive,

    Defendants.
------------------------------------------------x

10-civ- 8967(NRB)

**AMENDED FINAL JUDGMENT**
**OF FORECLOSURE AND SALE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/2012

Upon the Complaint, verified on November 29, 2010 (the "Complaint"), Notice of Pendency of action, containing all of the particulars required to be stated therein, duly filed in the New York County Clerk's Office on December 6, 2010, upon affidavits of service previously filed herein; and upon all other proceedings previously had herein from all of which it appears that this action was brought to foreclose upon a certain mortgage on commercial real property situated in the City of New York, County of New York, and State of New York, and that as of January 20, 2012, the amount due of $10,019,965.85 is due and payable to Plaintiff; that all of the defendants herein have been duly served with the Summons and Complaint in this action as follows: (a) upon Nubian Realty, LLC on December 13, 2010, by service upon the

Secretary of State of New York; (b) upon Nubian Properties, LLC on December 13, 2010 by service upon the Secretary of State of New York; (c) upon Richelieu W. Dennis on December 16, 2010, by affixing a true copy of the Complaint to the door of the usual place of Richelieu Dennis' abode within the state and by mailing of the Complaint to Richelieu Dennis' last known address within 20 days of such affixing; (d) upon Nyema S. Tubman on December 8, 2010, by service on a person of suitable age and by mailing of the Complaint to Nyema Tubman's last known address within 20 days of such delivery; (e) upon Diane Nicholas on December 13, 2010, by personal service; (f) upon Nubian Heritage Direct LLC on December 13, 2010, by service upon the Secretary of State of New York; (g) upon Nubian Heritage of Harlem LLC on December 13, 2010, by service upon the Secretary of State of New York; (h) upon Harlem Apple, LLC on December 13, 2010, by service upon the Secretary of State of New York; (i) upon New York City Department of Transportation on December 8, 2010; (j) upon State of New York Department of Taxation and Finance on December 8, 2010; (k) upon New York City Transit Adjudication Bureau on December 8, 2010; (l) upon New York City Environmental Control Board on December 8, 2010; (m) upon New York City Department of Finance on December 8, 2010; (n) upon ThyssenKrupp Elevator Company on December 10, 2010, by service upon the manager of ThyssenKrupp Elevator Company who is authorized to accept such service; (o) upon Nickolas Variety Inc., s/h/a "John Doe #1" on February 3, 2011, by personal service upon the owner of such company; (p) upon Bodhaige Inc. d/b/a The Body Shop s/h/a "John Doe #2" on February 3, 2011, by service upon an assistant manager of the store who is authorized to accept such service; (q) upon David's Checks Cashed s/h/a "John Doe #3" on February 3, 2011, by service upon the manager of the store who is authorized to accept such service; (r) G.C.B.M. Corp., d/b/a Edible Arrangements s/h/a "John Doe #4" on February 3, 2011, by

2

service upon the customer service representative who is authorized to accept such service; and (s) upon The National Black Theatre Workshop Inc. ("NBT") on December 10, 2010, by service upon a manager of NBT who is authorized to accept such service; that the time to answer or move with respect to the Complaint has expired as to defendants, New York City Transit Adjudication Bureau, State of New York Department of Taxation and Finance, New York City Department of Transportation, New York City Environmental Control Board, New York City Department of Finance, ThyssenKrupp Elevator Company, Nickolas Variety Inc., s/h/a "John Doe #1, Bodhaige Inc. d/b/a The Body Shop s/h/a "John Doe #2, David's Checks Cashed s/h/a "John Doe #3, G.C.B.M. Corp., d/b/a Edible Arrangements s/h/a "John Doe #4 (collectively the "Non-appearing Defendants"); the following defendants have appeared in this action by their attorneys as follows: (a) Nubian Realty LLC by Barry Ezra Lichtenberg, Esq.; (b) Nubian Properties, LLC, Nubian Heritage Direct LLC, Nubian Heritage of Harlem LLC, Richelieu W. Dennis, Nyema S. Tubman and Diane Nicholas by Craig Justin Albert, Esq.; (c) Harlem Apple LLC by Lori Marks-Esterman, Esq.; and (d) The National Black Theatre Workshop Inc. by Raymond N. Hannigan, Esq. (collectively the "Appearing Defendants") and interposed their answers to the Complaint; that Fifth Renaissance LLC (the "Plaintiff") is a lawful holder and owner of the Note and Mortgage being foreclosed herein,

AND, from all of which it appears that this action was brought to foreclose a mortgage on real property situated in New York County; that there is now justly due and owing upon the note and mortgage herein sued upon the sum of $10,019,965.85 up to and including the date of January 20, 2012, inclusive of all principal, interest, taxes, fees, expenses and other sums due and owing under the note and mortgage with additional interest on the unpaid principal sum of $6,097,604.88 from January 20, 2012 to the date of the Referee's Sale pursuant to this

judgment, and (b) the Property located in the Borough of Manhattan, County, City, State of New York, known as and by the street addresses as follows: 2023-2037 Fifth Avenue (a/k/a 2033 National Black Theatre Way), New York, New York, also known as Block 1750, Lot 1 on the official Tax Map of the City of New York, New York County and more particularly described in the property description annexed hereto as Schedule A (the "Property"), should be offered for sale as a single parcel.

NOW, upon proof of due notice of this application upon all parties, it is hereby

ORDERED, that Plaintiff is entitled to have a Final Judgment of Foreclosure and Sale issued based upon the cause of action set forth in the Complaint and Plaintiff may schedule the foreclosure sale as it so chooses; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff is entitled to have judgment herein for the sum of $10,019,965.85, the amount due and owing to Plaintiff as of January 20, 2012, together with per diem interest from January 20, 2012, through the date of this judgment, and with legal interest thereafter; and it is further

ORDERED, ADJUDGED AND DECREED that the Property described in the Complaint, together with all of the improvements thereon and articles of personal property therein as more fully described in the aforesaid mortgage and as hereinafter described, be sold as one parcel, with the successful bid being the highest sum, at public auction at the Rotunda of the Courthouse, 60 Centre Street, New York, New York, by and under the direction of Scott Loffredo, Esq., Wenig Saltiel & Johnson LLP, 26 Court Street, Suite 502, Brooklyn, New York 11242, Tel. No. (718) 797-5700, who is hereby appointed Referee for that purpose, except that the purchaser shall take such title subject to:

    a.    any further state of facts an accurate survey may show and any facts an

4

inspection of the Property would reveal;

b.  all statutes, regulations and ordinances (including all zoning regulations and ordinances and all building restrictions and regulations) of any kind or nature affecting the Property and any violations thereof;

c.  all environmental statutes, regulations and ordinances of any kind or nature affecting the Property and any violations thereof;

d.  all orders or requirements or violations of record, if any, now or hereafter on or affecting the Property issued by a governmental body having jurisdiction against or affecting the Property herein;

e.  easements, covenants, agreements, liens, encumbrances, reservations and restrictions of record or other matters of record existing prior to the recording of the mortgage and/or the filing of the notice of pendency of this action, if any, insofar as the same may be in force and effect;

f.  rights of tenants and/or occupants in possession, if any, who were not specifically named and served in this action or as to whom Plaintiff has stipulated to discontinue its action;

g.  security agreements, conditional bills of sale and chattel mortgages, if any; and

h.  the lien or liens of unpaid taxes, (including gains tax, transfer tax and recording tax but excluding real estate taxes) assessments, sewer rents and water rates, or charges for maintenance of street vaults, if any; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee give public notice of the time and place of the sale according to law and the rules and practice of this Court by

5

publishing the notice of sale in the New York Law Journal; and that the foreclosure sale shall take place on a date selected by the Referee; and that the Plaintiff or any other party to this action may become the purchaser or purchasers on such sale; and that in case the Plaintiff or its nominee shall become the purchaser at the sale it shall not be required to make any deposit thereon; that the Referee execute to the purchasers on such sale a deed of the Property sold; that the Referee, on receiving the proceeds of the sale, forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments and water rates which are or may become liens on the Property at the time of the sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; that the Referee then deposit the proceeds of such sale in his/her own name as Referee in an interest-bearing account in a federally-insured bank of the Referee's choosing, and shall thereafter make the following payments therefrom:

FIRST:      The Referee shall pay a sum not to exceed $500 to the Referee as his or her fee herein, unless the Property sells for fifty thousand dollars or more, in which event the Referee may receive such additional compensation as to the court may deem proper. If the Referee intends to apply for a further allowance for his or her fee, the Referee may leave on deposit such amount as will cover such additional allowance to await the further Order of the Court thereon after application is made.

SECOND:     The Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by said Referee to be correct.

THIRD:      The Referee shall pay the amount of any lien or liens upon the Property to be sold at the time of such sale for taxes, assessments,

6

water rates and sewer rents, together with such interest or penalties as may lawfully have accrued thereon to date of payment, together with any and all sums which may be necessary to redeem the Property so sold from any and all sales for unpaid taxes, assessments, water rates and sewer rents.

FOURTH:   The sum of $10,019,965.85, the amount so reported due and owing to Plaintiff as of January 20, 2012, together with per diem interest from January 20, 2012, through the date of this judgment, together with legal interest thereafter or so much thereof as the purchase money of the Property will pay of the same, together with any advances that Plaintiff has made for taxes, insurance, principal and interest to prior mortgages, or to maintain the premises pending the consummation of this foreclosure sale, all together with interest thereon pursuant to the mortgage;

and it is further

ORDERED, ADJUDGED AND DECREED that in case Plaintiff or its designee or assignee is the purchaser of the Property at the sale, or in the event that the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or its designee or assignee, and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff or its designee or assignee to pay in cash the entire amount bid at such sale, but shall execute and deliver to Plaintiff or its designee or assignee a bill of sale for the personal property and a deed to the Property sold upon the payment to said

7

Referee of the amounts specified above in items marked "FIRST", "SECOND" and "THIRD" and the amount of the aforesaid taxes, assessments and water rates and interest or penalties thereon, or in lieu of the payment of the last mentioned amounts upon filing with the Referee receipts of the proper municipal authorities, showing the payment thereof; that the balance of the amount bid after deduction therefrom of the aforesaid amounts paid by Plaintiff shall be allowed to Plaintiff or its designee or assignee and applied by the Referee upon the amounts due to Plaintiff or its designee or assignee as specified above in items marked "FOURTH"; that if after so applying the balance of the amount bid there shall be a surplus over and above amounts due to Plaintiff, Plaintiff or its designee or assignee shall pay to the Referee, upon delivery of the Referee's deed, the amount of such surplus; that the Referee on receiving the several amounts from Plaintiff shall forthwith pay therefrom first, the taxes, assessments, water rates and interest or penalties thereon, unless the same shall have already been paid, and shall pay the surplus moneys into Court; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall take the receipts of Plaintiff or its attorneys for the amounts paid as hereinbefore directed and file it with his or her report of sale; that the Referee shall pay into this Court the surplus moneys, if any, within five (5) days after the same shall be received and be ascertainable to the credit of this action, to be withdrawn only on the order of this Court; that the Referee shall make a report of such sale under oath and file it with this Court and with the Clerk of New York County, within the time period provided by Section 1355 of the Real Property Actions and Proceedings Law; and it is further and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed; and it is further

8

ORDERED, ADJUDGED AND DECREED that each and all of the defendants in this action and all persons claiming under them or any or either of them after the filing of the notice of the pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said Property and each and every part and parcel thereof, except that any surplus money from the sale of the Property that is paid into Court, as aforesaid, shall be promptly remitted to Nubian Realty LLC to the extent consistent with law, and except for NBT's leasehold interest which shall be retained by NBT after the foreclosure sale pursuant, *inter alia*, to that certain Stipulation and Agreement of Settlement and Consent to Entry of this Judgment of Foreclosure and Sale entered into between NBT and Plaintiff (the "NBT Stipulation"); and it is further

ORDERED, ADJUDGED AND DECREED that notwithstanding anything to the contrary provided herein, this Judgment of Foreclosure and Sale shall be deemed to terminate and cut off the right to occupy or possess any portion of the Property of any tenant, occupant or licensee (other than any tenant whose right of possession is protected by statute, such as the Rent Stabilization Law) who has entered into a lease or other occupancy agreement or otherwise entered into possession subsequent to the date of the filing of the notice of pendency in this action, and except for such leasehold rights of NBT, which shall not terminate pursuant, *inter alia*, to the NBT Stipulation; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser of the Property at the sale shall take title to the Property notwithstanding that a tenant, occupant or licensee may wrongfully remain in possession of a portion or portions of the mortgaged premises, it being the responsibility of said purchaser to take whatever actions may be required to recover possession of the Property from such tenant, occupant or licensee; and it is further

9

ORDERED, ADJUDGED AND DECREED that the caption be amended to read as follows:

| | |
|---|---|
| FIFTH RENAISSANCE LLC,<br><br>           Plaintiff,<br><br>-against-<br><br>NUBIAN REALTY, LLC, NUBIAN PROPERTIES, LLC, RICHELIEU W. DENNIS, NYEMA S. TUBMAN, DIANE NICHOLAS, NUBIAN HERITAGE DIRECT LLC, NUBIAN HERITAGE OF HARLEM LLC, THE NATIONAL BLACK THEATRE WORKSHOP INC., HARLEM APPLE, LLC, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, AND THYSSENKRUPP ELEVATOR COMPANY, NICKOLAS VARIETY INC., s/h/a "John Doe #1, Bodhaige Inc. D/b/a The Body Shop s/h/a "John Doe #2, DAVID'S CHECKS CASHED s/h/a "John Doe #3, G.C.B.M. CORP., D/B/A EDIBLE ARRANGEMENTS s/h/a "John Doe #4,<br><br>           Defendants. | Civil Action No. 10-8967 (NRB) |

A description of the Property hereinbefore mentioned is set forth in the attached Schedule A.

The clerk of the Court is directed to enter this judgment.

Dated: _February 15_, 2012

ENTER:

_____
Naomi Reice Buchwald,
United States District Judge

10

# DESCRIPTION OF PREMISES

## SCHEDULE A

Block 1750, Lot 1

ALL that certain plot, piece or parcel of land; with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at the intersection of the Easterly side of Fifth Avenue and the Northerly side of 125th Street; and

RUNNING THENCE Northerly along the Easterly side of Fifth Avenue 199 feet 11 inches to the Southerly side of 126th Street;

THENCE Easterly along the Southerly side of 126th Street 85 feet;

THENCE Southerly parallel with Fifth Avenue 199 feet 11 inches to the Northerly side of 125th Street; and

THENCE Westerly along the Northerly side of 125th Street 85 feet to the point or place of BEGINNING.

Premises known as 2023-2037 Fifth Avenue aka 1-9 East 125th Street aka 1-9 Dr. Martin Luther King Jr., Boulevard, New York, New York

11